**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF WEST VIRGINIA**

**JAMES HOWARD HARRIS,**

    **Plaintiff,**

**v.**                                                                   **Civil Action No. 1:05CV17
(Judge Stamp)**

**HARVEY LIPPEN;
K.J. WENDT;
FREDERICK GRAWGER; and
D. HEADY,**

    **Defendants.**

**REPORT AND RECOMMENDATION/OPINION**

**I. PROCEDURAL HISTORY and FACTS**

On January 26, 2005, the pro se plaintiff, James Howard Harris, an inmate at FCI-Gilmer, filed this civil action seeking monetary and injunctive relief.[1] The undersigned has interpreted the complaint as raising claims under the Federal Tort Claims Act ["FTCA"] and Bivens v. Six Unknown Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971).

On February 21, 2004, the plaintiff fell from his top bunk[2] and hit his head between the locker and the bed post. The fall caused him to lose consciousness, and caused permanent scarring

---

[1] The plaintiff seeks $35,000.00; replacement of the bunks and steel lockers; appointment of an independent design engineer to inspect the placement of the bunk beds and lockers in the cells; and a direct response from the warden and safety manager regarding steps taken to prevent further injuries to the plaintiff and other inmates.

[2] According to the plaintiff, prior to his arrival at FCI-Gilmer on February 19, 2004, he was given a lower bunk at his previous place of incarceration based on his hypertension, loss of equilibrium and his age.

on his jaw, pain the jaw and lower neck, headaches, lower back and leg pain. The plaintiff alleges that "the placement of steel lockers within 7 to 8" of the bunk beds creates a dangerous injury condition and was a direct contribution to [his] injury." According to the plaintiff, the defendants have failed to correct the safety hazard involving the lockers in violation of their duties and responsibilities and violated his constitutional right to be free of cruel and unusual punishment by failing to correct the safety hazard.

After his fall, the plaintiff filed a claim under the FTCA. By letter dated July 27, 2004, Bill Burlington, Regional Counsel, described the medical care the plaintiff received after his fall and concluded that "as you have been provided appropriate medical care and there is no evidence an act or omission of a government employee is a factor in your loss, your claim is denied."

This matter is pending before me for initial review and report and recommendation pursuant to LR PL P 83.02. The undersigned has screened the plaintiff's complaint in accord with the local rules of this Court and in accord with the provisions of 28 U.S.C.§§ 1915(e) and 1915A,[3] and makes the recommendations set forth below.

---

[3] 28 U.S.C. §1915(e)(2)(B) states:
Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . .
    (B) the action or appeal-
        (i) is frivolous or malicious;
        (ii) fails to state a claim on which relief may be granted; or
        (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. §1915A provides, in pertinent part, that:
(a) Screening.–The court shall review...a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
(b) Grounds for dismissal.–On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
    (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief.

## II. ANALYSIS

The undersigned finds that the plaintiff is seeking to proceed with his claims under the FTCA, 28 U.S.C. §1346(b) and Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971). The FTCA does not preclude a Bivens action because only monetary damages are available under the FTCA. See Carlson v. Green, 446 U.S. 14, 19-23 (1980); Dunbar Corp. v. Lindsey, 905 F.2d 754, 762 (4th Cir. 1990).

The FTCA provides as follows:

> The district courts ... shall have exclusive jurisdiction of civil actions on claims against the United States, for money damages ... for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant and in accordance with the law of the place where the act or omission occurred.

28 U.S.C. §1346(b)(1).

The Supreme Court has held that "a person can sue under the Federal Tort Claims Act to recover damages from the United States Government for personal injuries sustained during confinement in a federal prison, by reason of the negligence of a government employee." United States v. Muniz, 374 U.S. 150 (1963). However, to proceed with a FTCA claim, the plaintiff must exhaust his administrative remedies by bringing his claim to the appropriate administrative agency before he is allowed to file his complaint in district court. See 28 U.S.C. §2675(a); McNeil v. United States, 508 U.S. 106, 113 (1993).

Based on the information provided by the plaintiff, it appears that the plaintiff has exhausted his administrative remedies regarding his claims under the FTCA and such claims should not be summarily dismissed.

With regard to the plaintiff's Bivens claims, i.e. cruel and unusual punishment, such are not

exhausted. A Bivens action like an action under 42 U.S.C. §1983, is subject to exhaustion of administrative remedies as required by the Prison Litigation Reform Act (PLRA). Porter v. Nussle, 534 U.S. 516, 524 (2002).

Under the PLRA, a prisoner bringing an action "with respect to prison conditions" under 42 U.S.C. §1983 must first exhaust all available administrative remedies. 42 U.S.C. §1997e. Exhaustion under §1997e(a) is mandatory. Booth v. Churner, 532 U.S. 731, 741 (2001). While the phrase "with respect to prison conditions" is not defined in 42 U.S.C. §1997e, the Supreme Court has determined that the "PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516 (2002). Moreover, exhaustion is even required when the relief the prisoner seeks, such as monetary damages, is not available. Booth, 532 U.S. at 741. Additionally, district courts should enforce the exhaustion requirement sua sponte if not raised by the defendant. Brown v. Toombs, 139 F.3d 1102 (6th Cir.), cert. denied, 525 U.S. 833 (1998). The PLRA requires the complaint to be dismissed until the record demonstrates on its face that the prisoner has exhausted his administrative remedy. Brown; 42 U.S.C. §1997e(a).

The actions of the defendants constitutes actions "with respect to prison conditions" within the meaning of the PLRA and the requirement of exhaustion of administrative remedies applies to those actions and the alleged effects of those actions.

The BOP provides a four-step administrative process beginning with attempted informal resolution with prison staff (BP-8). If the prisoner achieves no satisfaction informally, he must file a written complaint with the warden (BP-9), followed by an appeal to the regional director of the

Federal Bureau of Prisons (BP-10).  Finally, if the prisoner has received no satisfaction,  he may appeal to the office of the General Counsel (BP-11).   28 C.F.R. § 542.10-542.15;  Gibbs v. Bureau of Prison Office, FCI, 986 F.Supp. 941, 943 (D.Md. 1997).

The plaintiff indicates in his complaint that he filed a claim under the FTCA. He does not indicate that he utilized the administrative process provided by the Bureau of Prisons.  Thus, the plaintiff has not exhausted his administrative remedies regarding his constitutional claims of cruel and unusual punishment. Therefore, the plaintiff's constitutional claims should be summarily dismissed for failure to exhaust his administrative remedies.

### III.  RECOMMENDATION

In consideration of the foregoing, the undersigned recommends that the plaintiff's complaint not be summarily dismissed regarding his claims under the FTCA and the defendants should be served with a copy of the complaint.  However, the plaintiff's claims of cruel and unusual punishment should be dismissed for failure to exhaust his administrative remedies.

Any party may file within ten (10) days after being served with a copy of this Recommendation, with the Clerk of the Court written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections.  A copy of such objections should also be submitted to the Honorable Frederick P. Stamp, Jr., United States District Judge.  Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation.  28 U.S.C. § 636(b)(1); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985).

The Clerk of the Court is directed to mail a copy of this Report and Recommendation

5

/Opinion to the *pro se* plaintiff.


DATED:   May 17, 2005


/s *John S. Kaull*

JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE