IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

JAMES HOWARD HARRIS,

    Plaintiff,

v.                           Civil Action No. 1:05CV17
                                      (STAMP)
HARVEY LIPPEN, Director, Federal
Bureau of Prisons, K.J. WENDT, Warden,
FREDRICK GRAWGER, Safety Manager, and
D. HEADY, C-Unit Manager,

    Defendants.

**MEMORANDUM OPINION AND ORDER
AFFIRMING AND ADOPTING REPORT AND
RECOMMENDATION OF MAGISTRATE JUDGE**

On January 26, 2005, <u>pro se</u> plaintiff, James Howard Harris, filed a complaint against the defendants seeking monetary damages and injunctive relief. The Court referred the motion to United States Magistrate Judge John S. Kaull for submission of proposed findings of fact and recommendation pursuant to 28 U.S.C. §§ 636(b)(1)(A) and (B). The case was assigned to the undersigned judge on April 4, 2005.

On May 18, 2005, the magistrate judge entered a report recommending that the plaintiff's complaint proceed with respect to his claims under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346(b), and that the defendants should be served with a copy of the complaint. However, the magistrate judge recommended that the plaintiff's claims of cruel and unusual punishment be dismissed for failure to exhaust administrative remedies. The magistrate judge advised the parties that, pursuant to 28 U.S.C. § 636(b)(1)(C), any

party may file written objections to his proposed findings and recommendations within ten days after being served with a copy of the magistrate judge's recommendation. The plaintiff filed timely objections.

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a <u>de novo</u> review of any portion of the magistrate judge's recommendation to which objection is made. As to those portions of a recommendation to which no objection is made, a magistrate judge's findings and recommendation will be upheld unless they are "clearly erroneous." Because objections have been filed, this Court has made an independent <u>de novo</u> consideration of the matters objected to, and is of the opinion that the magistrate judge's report and recommendation should be affirmed and adopted in its entirety.

In his complaint, the plaintiff alleges that on February 21, 2004, he fell from his bed, the top bunk, and hit his head between the locker and the bed post. He claims that he was knocked unconscious and was left with permanent scarring on his jaw, pain in his jaw and lower neck, headaches, lower back pain, and leg pain. He claims that the placement of the lockers creates a dangerous condition that directly contributed to his injury. He asserts that the defendants have failed to correct the safety hazard, in violation of their professional responsibilities. He also claims that this hazard violates his constitutional right to be free from cruel and unusual punishment.

The plaintiff filed a claim under the FTCA soon after his fall. This claim was denied by a letter dated July 27, 2004, from Bill Burlington, Regional Counsel. The plaintiff then sought judicial review in this Court.

In his report, the magistrate judge found that the plaintiff's complaint suggests that he is seeking to proceed under the FTCA and under Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971). With regard to the plaintiff's FTCA claims, the magistrate judge found that the plaintiff has exhausted his administrative remedies. Therefore, the magistrate judge concluded that these claims should not be summarily dismissed. However, the magistrate judge found, based on the record, that the plaintiff's Bivens claims of cruel and unusual punishment had not been exhausted through the administrative process. The magistrate judge found that the plaintiff's claims implicate this requirement because they constitute actions "with respect to prison conditions," within the meaning of the Prison Litigation Reform Act of 1995. See 42 U.S.C. § 1997e; Porter v. Nussle, 534 U.S. 516 (2002). The magistrate judge found no evidence in the record that the plaintiff pursued his administrative remedies with respect to his claims of cruel and unusual punishment. Thus, he recommended that these claims be dismissed.

The petitioner objects to the dismissal of his claims of cruel and unusual punishment. He argues that there is no administrative

3

remedy available to him because the injuries have already occurred, and that filing an administrative complaint "would be counterproductive and serve no resolution." Pl.'s Objections at 1.

After reviewing the record, this Court agrees with the magistrate judge that, to the extent the plaintiff is seeking relief under <u>Bivens</u>, these claims must be dismissed for failure to exhaust administrative remedies.[1]  Such exhaustion is required by statute.  <u>See</u> 42 U.S.C. § 1997e.  The plaintiff has provided no evidence that he has pursued these claims through the proper administrative channels.

Because, after a <u>de novo</u> review, this Court concludes that the magistrate judge's recommendation is proper and the plaintiff's objections to the report and recommendation lack merit, and because the remaining findings are not clearly erroneous, this Court hereby AFFIRMS and ADOPTS the magistrate judge's report and recommendation in its entirety.  Accordingly, this case shall proceed with respect to the plaintiff's FTCA claims.  The plaintiff's claims under <u>Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics</u>, 403 U.S. 388 (1971), are hereby DISMISSED.

The Clerk is DIRECTED to file plaintiff's complaint and issue process, <u>with a copy of this memorandum opinion and order attached</u>, pursuant to Federal Rule of Civil Procedure 4(a).  The United

---

[1] This Court is uncertain that the plaintiff wishes to pursue such claims, given his statement that "there is no remedy available to the plaintiff to address the cruel and unusual living conditions." Pl.'s Objections at 1.

4

States Marshals Service shall serve process, <u>with a copy of this memorandum opinion and order attached</u>, pursuant to Federal Rule of Civil Procedure 4(c)(2).

Should the petitioner choose to appeal the judgment of this Court to the United States Court of Appeals for the Fourth Circuit, he is ADVISED that he must file a notice of appeal with the Clerk of this Court within 30 days after the date of the entry of the judgment order. Upon reviewing the notice of appeal, this Court will either issue a certificate of appealability or state why a certificate should not issue in accordance with Federal Rule of Appellate Procedure 22(b)(1). If this Court should deny a certification, the petitioner may request a circuit judge of the United States Court of Appeals for the Fourth Circuit to issue the certificate.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit copies of this order to the <u>pro se</u> plaintiff and to the United States Marshals Service.

DATED: June 2, 2005

<u>/s/ Frederick P. Stamp, Jr.</u>
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE